UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00460

**Chad Edwards,**
*Plaintiff,*

v.

**Dorel Home Furnishings, Inc. and Wal-Mart Stores Texas, LLC,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

Plaintiff, alleging products liability, brought this action in the County Court at Law No. 2 of Gregg County, Texas. Doc. 1. Defendants removed the case to this court on October 11, 2019. *Id*. Wal-Mart filed its original answer and motion to dismiss under Rule 12(b)(6) four days later. Doc. 3. Plaintiff failed to respond to the motion, so the court ordered him to respond on November 7, 2019. Doc. 7. Thereafter, plaintiff filed an unopposed motion for leave to file a first amended complaint (Doc. 8) and a response to the motion (Doc. 9), which included a copy of the original complaint as filed in state court. The court granted leave to file (Doc. 10), but plaintiff did not file his amended complaint at that time.

The court later denied Wal-Mart's motion to dismiss without prejudice to refiling. Doc. 21. In accordance with the court's instructions, Wal-Mart refiled its motion to dismiss on March 20, 2020. Doc. 25. Plaintiff filed his amended complaint (Doc. 27) and a response to the motion (Doc. 28) five days later. For the reasons below, the motion is **granted**.

A court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff can only avoid dismissal under that rule by pleading

"enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Taking the facts in the complaint as true, they "must be enough to raise a right to relief above the speculative level." *Id.* This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Id.* at 555. Only when the facts, rather than legal conclusions or "recitations of the elements," "allow[] the court to draw the reasonable inference that the defendant is liable" will the complaint survive a motion under Rule 12(b)(6). *Montoya v. FedEx Ground Package Sys.*, Inc. 614 F.3d 145, 148 (5th Cir. 2010).

Plaintiff alleges products liability, sounding in negligence and in strict liability, against both defendants. The Texas statutory products-liability scheme governs any action against a manufacturer or seller for recovery of personal injury, wrongful death, or property damages caused by an allegedly defective product, based on any theory of recovery, including strict products liability and negligence. Tex. Civ. Prac. & Rem. Code § 82.001(2). Wal-Mart meets the definition of a seller under the code. *Id*. § 82.001(3). Sections 82.002 and 82.003 address the liability of nonmanufacturer sellers.

Under § 82.002, a manufacturer must indemnify a seller against any loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission. *Id.* § 82.002(a). For example, negligently modifying or altering the product. *Id*. This section is not a "no-liability" provision but is an indemnity provision only. It does not provide a seller with a material defense to a plaintiff's claim.

On the other hand, § 82.003 provides that a seller who did not manufacture a product is not liable to a plaintiff for harm caused by the product unless the plaintiff proves one of a laundry list of theories. *Id.* § 82.003(a). Therefore, by necessity, plaintiff must plead facts showing more than a possibility of

one of those theories being true as to Wal-Mart. The theories are: (1) that the seller participated in the design of the product; (2) that the seller altered or modified the product and the harm resulted therefrom; (3) that the seller installed the product and the harm resulted from the installation; (4) that the seller had substantial control over the content of a warning or instruction, the warning or instruction was inadequate, and the harm resulted because of the inadequacy; (5) that the seller made an express factual representation about the product, that the representation was incorrect, and that the harm would have been reduced or eliminated if the representation were true; (6) that the seller had actual knowledge of a defect and that the harm was caused by that defect; or (7) that the manufacturer is insolvent or not subject to the jurisdiction of the court. *Id.*

Plaintiff's amended complaint raises three potential points of liability for Wal-Mart under that list: (a) that it negligently modified or altered the product in question, (b) that it participated in the design of the product in question, and (c) that it exercised substantial control over the content of warnings associated with the product. Doc. 27 at 3-4. However, plaintiff pleads no facts to support these conclusions, let alone facts sufficient to show any probability above a mere possibility that Wal-Mart did engage in the conduct set out in the statute. Plaintiff claims to have "clarif[ied] all legal theories of recovery against Wal-Mart." Doc. 28 at 3. But the amended complaint contains only a few more conclusory allegations than the original complaint, and no more actual facts.

Under the "NEGLIGENCE" heading, plaintiff alleges, in relevant part, that his injuries were proximately caused by both defendants "failing to design a safety mechanism to prevent step stool failure," "failing to design a scissor mechanism that would not cause injury," "negligently modifying or altering the product," and "committing other acts of negligence." Doc. 27 at 3-4. Under the "PRODUCTS LIABILITY" heading,

plaintiff alleges, in relevant part, that Wal-Mart committed independent acts of negligence including "negligently modifying or altering the product prior to sale, participating in the design of the product, and/or exercising substantial control over the content of adequate warnings." *Id.* at 4.

None of these recitations of the statutory exceptions to § 82.003's no-liability rule is sufficient to survive a Rule 12(b)(6) motion. They do not set forth facts, instead making only conclusory allegations of liable conduct. In his response to defendant's motion, plaintiff points out that "at this early stage of discovery, these facts must be developed." Doc. 28 at 3. However, the pleading standard requires that a plaintiff allege facts giving rise to a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). It does not permit "naked assertions devoid of further factual enhancement," made with the hope that discovery will later uncover the actual facts necessary to victory. *Id.* at 678-79 (holding that Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions).

Plaintiff asserts that he should have an opportunity for a curative amendment, but he filed his amended complaint five days after the motion to dismiss was refiled, and more than five months after the original motion to dismiss was filed. The court finds that plaintiff was on notice of the grounds for defendant's motion and still failed to plead facts sufficient to raise more than a mere possibility of Wal-Mart's liability. Therefore, defendant Wal-Mart Stores Texas, LLC's motion to dismiss pursuant to Rule 12(b)(6) is **granted**. All claims against Wal-Mart are **dismissed with prejudice**.

*So ordered by the court on March 27, 2020.*

_____
J. CAMPBELL BARKER
United States District Judge